# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| JEFFREY WARREN JONES § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:25-CV-1776-S |
| SWEEPING CORPORATION OF § | |
| AMERICA, LLC, and DIANNA MAE § | |
| SEALS § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff Jeffrey Warren Jones's Motion to Remand ("Motion") [ECF No. 13]. The Court has reviewed and considered the Motion and Brief in Support, Defendant Dianna Mae Seals's Response to the Motion ("Response") [ECF No. 17], Plaintiff's Reply to Seals's Response and Brief in Support ("Reply") [ECF No. 19], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

On June 13, 2025, Plaintiff filed suit against former Defendant Elgin Sweeper Company[1] and Seals in the 17th Judicial District Court of Tarrant County, Texas. *See* Pl.'s Original Pet. ("Petition") [ECF No. 1-3]; Def. Elgin Sweeper Company's Notice of Removal ("Notice of Removal") [ECF No. 1] ¶ 1. Plaintiff alleged that Seals, while driving a street sweeper truck on behalf of Elgin Sweeper, struck his tractor-trailer and that he suffered multiple injuries. Pet. ¶¶ 7.1-7.2. Plaintiff sued Elgin Sweeper and Seals, seeking damages for pain and suffering, mental anguish, disfigurement, physical impairment, lost wages and medical care expenses, lost earning

---

[1] In Plaintiff's Second Amended Complaint [ECF No. 10], Plaintiff dismissed Elgin Sweeper and joined Sweeping Corporation of America, LLC, as a defendant.

capacity, and out-of-pocket economic losses. *Id.* ¶ 10.2. Plaintiff sought monetary relief "in excess of $1,000,000." *Id.* ¶ 2.1.

Elgin Sweeper removed the case on July 8, 2025,[2] asserting that the Court has subject matter jurisdiction because, at the time of removal, the parties were diverse and the amount in controversy exceeded $75,000. Notice of Removal ¶¶ 9-14. At the time of removal, Seals had not been served.[3] *Id.* ¶ 5. Subsequently, Plaintiff filed the Motion, in which he argues that the Court lacks diversity jurisdiction[4] because Seals is a citizen of Texas, rendering removal improper under 28 U.S.C. § 1441(b)(2). Mot. 3. Plaintiff also argues, for the first time in his Reply, that removal was defective because Seals and Sweeping Corporation did not consent to removal. Reply 2-5.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor

---

[2] Elgin Sweeper removed the case to the United States District Court for the Northern District of Texas, Fort Worth Division. The case was transferred to the Dallas Division on the same day it was removed. *See* ECF No. 4.

[3] Plaintiff served Seals on July 23, 2025. Mot. 2.

[4] Although Plaintiff frames the issue as a jurisdictional question, it is a procedural issue as discussed further below.

2

of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." (citation omitted)). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Where a court has only diversity jurisdiction, removal is procedurally defective if any properly joined and served defendant: (1) is a citizen of the forum state, *Tex. Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citation omitted); or (2) fails to consent to removal, *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citation omitted).

### III. ANALYSIS

#### *A. Diversity of Citizenship*

According to Elgin Sweeper, the parties were diverse at the time of filing in state court and at the time of removal because Plaintiff is an Indiana citizen, Elgin Sweeper is a Delaware and Illinois citizen, and Seals is a Texas citizen. Notice of Removal ¶¶ 9-11. Specifically, Elgin Sweeper asserted that Plaintiff "is a resident of the State of Indiana [and] intends to remain in the State of Indiana," that Elgin Sweeper is a Delaware and Illinois citizen because it is a Delaware

corporation with its principal place of business in Illinois, and that Seals is "a resident of the State of Texas and intends to remain a resident of Texas." *Id.*; *see Coury*, 85 F.3d at 249 ("A United States citizen who is domiciled in a state is a citizen of that state." (citation omitted)); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332(c)(1) for the proposition that the citizenship of a corporation is each state in which it is incorporated and the state in which it has its principal place of business). Therefore, the diversity of citizenship requirement is met.[5]

### B. Amount in Controversy

In the Petition, which was the operative pleading at the time of removal, Plaintiff stated that he sought over $1,000,000. Pet. ¶ 2.1. Based on the Petition, Elgin Sweeper alleged that the amount in controversy exceeds $75,000. Notice of Removal ¶ 14. When the amount in controversy is not contested, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Plaintiff does not appear to contest Elgin Sweeper's allegation. *See* Pl.'s Third Am. Compl. ¶ 2.1 ("Plaintiff seeks monetary relief in excess of $75,000[.]"). Therefore, the amount in controversy requirement is met. Because both the diversity of citizenship and amount in controversy requirements are met, the Court has subject matter jurisdiction.

### C. Snap Removal and the Forum-Defendant Rule

Under the forum-defendant rule, a case "otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *In re Levy*, 52 F.4th

---

[5] The diversity of citizenship requirement is also satisfied after the joinder of Sweeping Corporation because Plaintiff alleges that Sweeping Corporation is a limited liability company and that its sole member is a citizen of Florida. Pl.'s Third Am. Compl. [ECF No. 25] ¶ 2.4.

244, 246 (5th Cir. 2022) (alteration in original) (emphasis added) (internal quotation marks and citation omitted). The forum-defendant rule is procedural, not jurisdictional. *Texas Brine*, 955 F.3d at 485 (citation omitted).

If Seals, a Texas citizen, had been properly joined and served prior to removal, removal would have been procedurally defective. However, Elgin Sweeper removed this case before Seals was properly joined and served. Notice of Removal ¶ 5; Mot. 2. Removals effectuated by a non-forum defendant prior to service on a forum-state defendant, known as snap removals, are permissible. *Texas Brine*, 955 F.3d at 487 ("A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."). Because Elgin Sweeper removed this case before Seals was properly joined and served, the forum-defendant rule does not bar removal.

### D. Consent

Plaintiff also argues that this case should be remanded because neither Seals nor Sweeping Corporation consented to removal. Reply 2-5. Plaintiff raises this argument for the first time in his Reply. "[A]rguments raised for the first time in a reply brief are waived." *Est. of Duncan v. Comm'r*, 890 F.3d 192, 202 (5th Cir. 2018) (citation omitted). Regardless, even if this argument was properly before the Court, it would not be grounds for remand. Plaintiff is correct that all defendants properly joined and served must consent to removal. *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("Section 1446(b)(2)(A) requires all defendants *who have been properly joined and served* to join in or consent to the removal of the action." (cleaned up)). However, neither Seals nor Sweeping Corporation was properly joined and served at the time of removal. *See* Reply 2. Therefore, neither Seals nor Sweeping Corporation was required to consent to removal. *See Shakouri*, 923 F.3d at 410 ("By its terms, § 1446(b)(2)(A) does not impose any requirements on defendants who were not properly served."); *see also Getty Oil*, 841 F.2d at 1263 (explaining

that a defendant served after removal may "either accept the removal or exercise its right to choose the state forum by making a motion to remand." (citation omitted)). Because neither Seals nor Sweeping Corporation was required to consent to removal, removal without their consent was proper.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Remand [ECF No. 13].

**SO ORDERED.**

SIGNED October 28, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**